

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| EVERETT XAVIER BROCKINGTON, § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:23-3376-MGL |
| § | |
| V.A. EMPLOYEE KATHERINE WALTER, § | |
| DET. DAREYL W. STARK, LT. McDONALD, § | |
| JOSEPH LEE COOK, and U.S. § | |
| GOVERNMENT, § | |
| Defendants. § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiff Everett Xavier Brockington (Brockington) who is representing himself, filed this lawsuit against the above-listed Defendants.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Defendants' motion to dismiss be granted and this case be dismissed in its entirety. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 19, 2024, and Brockington filed his objections on September 6, 2024.  Brockington attached a July 1, 2024, letter to his objections from his treating physician stating "Due to chronic medical conditions, he is medically unfit to represent himself in court and needs to hire an attorney to proceed."

But, Brockington has failed to request the Court to wait until he has hired an attorney before going forward; nor has he asked the Court to appoint an attorney for him.  Thus, the Court will consider the merits of his objections.

The Court has carefully reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Brockington brings tort causes of action under the Federal Torts Claim Act (FTCA) and two constitutional claims, one for unlawful detention and the other for medical indifference.

Brockington presents four objections to the Report.  His first objection has two subparts.  First, he objects to the Magistrate Judge's suggestion to dismiss his negligence claims under the FTCA.  Brockington claims "he proved the three actions of negligence in South Carolina, a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately result from that breach of duty."  Objections at 4 (citation omitted) (internal quotation marks omitted).  "Therefore," according to Brockington, "the dismissal of negligence as the cause of action is not appropriate."  *Id*.

The Court, however, has made a de novo review of the record and is constrained to agree with the Magistrate Judge that "[t]here are insufficient allegations in the complaint to show that [Brockington] suffered an injury proximately caused by detaining him, placing a behavior ban on

his record, and not taking him to the emergency room. Therefore, dismissal of his negligence cause[s] of action is appropriate." Report at 7.

Second, Brockington states "the Report . . . erroneously found that [he] did not demonstrate a likelihood of success on the merits on [his] *Bivens* and federal constitutional claims[.]" Objections at 3 (capitalization omitted).

"[L]ikelihood of success on the merits" is what the Court looks at when deciding whether to grant injunctive relief to a party. But, that is irrelevant here.

Nevertheless, construing the objections liberally, the Court assumes Brockington is arguing the Magistrate Judge erred in concluding his *Bivens* and constitutional claims should be dismissed. But, as the Magistrate Judge aptly noted, because Brockington's *Bivens*/constitutional "unlawful detention cause of action against the VA Police Officers arises in a new context, and special factors counsel against extending *Bivens* in this circumstance, dismissal of his claim is proper." Report at 14.

And, concerning Brockington's medical indifference claim, the Magistrate Judge correctly stated that, "recognizing a *Bivens* claim in this new context and against officials of a different federal agency would increase burdens placed on government operations, which counsels against an extension of *Bivens* to [Brockington's] medical indifference claim against VA officials. Accordingly, dismissal [of this claim] is [also] appropriate." *Id*. at 15.

For all these reasons, the Court will overrule Brockington's first objection.

In Brockington's second objection, he maintains "the Magistrate [Judge] erred in concluding that [he] was not seriously injured physically, emotionally, and medically." Objections at 5 (capitalization omitted).

Here is Brockington's entire argument under this objection: "The plaintiff was hospitalized later that night after being kicked out of the Ralph Johnson VA[,] corroborated by the email from

3

Defendant Lee Cook.  The harm cannot be later remedied.  The harm to the plaintiff is therefore irreparable.  I do not believe the Judge is a mental health expert." *Id.* at 6.

As the Court stated above, however,  "[t]here are insufficient allegations in the complaint to show that [Brockington] suffered an injury proximately caused by detaining him, placing a behavior ban on his record, and not taking him to the emergency room." Report at 7.  Consequently, the Court will also overrule Brockington's second objection.

As to Brockington's third objection, he contends "the Magistrate Judge erred in concluding that the threatened injury to [him] and controlling [his] movements while at the VA before and after being detained on false made-up allegations with VA police officers participating was not negligence."  Objections at 6 (capitalization omitted).  According to Brockington, he "was treated like a prison[er] for two years as [he] prayed the behavior ban would be removed.  The harm and harassment to [him] is therefore irreparable." *Id.*

Again, Brockington is unable to establish his behavior ban negligence claim because "[t]here are insufficient allegations in the complaint to show that [he] suffered an injury proximately caused by . . . placing a behavior ban on his record[.]"  Report at 7.  Accordingly, the Court will overrule Brockington's third objection, too.

In Brockington's fourth objection, he argues "[t]he Magistrate Judge erred in concluding that *Bivens* should not apply because the Supreme Court has noted, for almost 40 years [it has] consistently rebuffed request[s] to add to the claims allowed under *Bivens*."  Objections at 6 (internal quotation marks and capitalization omitted).

Brockington contends "[t]he Supreme Court overturned *Ro[e] versus Wade*.  It can happen.  In a historic and far-reaching decision, the U.S. Supreme Court officially reversed *Roe v. Wade* . . . , declaring that the constitutional right to abortion . . . no longer exists." *Id.*

4

In other words, according to Brockington, because the Supreme Court decided to overturn *Roe v. Wade*, it might also decide to allow more claims under *Bivens*. The logic of this argument, however, eludes the Court. And, the Court is unwilling to base its decision in this matter on such a tenuous possibility. Therefore, the Court will overrule Brockington's fourth objection, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Brockington's objections, adopts the Report, and incorporates it herein. It is therefore the judgment of the Court Defendants' motion to dismiss is **GRANTED** and this case be **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 20th day of November, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Brockington is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.